Anthony C. Kaye (Utah SBN 8611)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6128
Email: Tony.Kaye@troutman.com

Nathan R. Marigoni (Utah SBN 14885)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
Telephone: (470) 832-5575
Email: Nathan.Marigoni@troutman.com

Matthew H. Ladner (*pro hac vice forthcoming*)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
350 S. Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: (213) 928-9816
E-mail: Matthew.Ladner@troutman.com

William M. Taylor (*pro hac vice forthcoming*)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
125 High St., 19th Floor
Boston, MA 02110
Telephone: (617) 204-5186
Email: William.Taylor@troutman.com

*Attorneys for Defendants*
HFN, INC. and KUMAR SHIRALAGI

# UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALLAN MILLER,<br><br>       Plaintiff,<br>vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.; KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company; SRIDHAR SANTHANAM; KUMAR SHIRALAGI; PAVAN VAISH; and VANI KOLA,<br><br>       Defendants. | **OMNIBUS REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS HFN, INC.'S AND KUMAR SHIRALAGI'S MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Case No. 2:23-cv-00733-CMR<br><br>Magistrate Judge Cecilia M. Romero |

# REQUEST FOR JUDICIAL NOTICE

Defendants HFN, Inc. ("**HFN**") and Kumar Shiralagi ("**Shiralagi**") (together, "**Defendants**") respectfully request that the Court take judicial notice of the below-listed documents in connection with their concurrently filed Motions to Dismiss:

Exhibit 1: The Complaint filed by Plaintiff Allan Miller ("**Plaintiff**") on February 6, 2023, in the action previously pending in the U.S. District Court for the Northern District of California (the "**N.D. Cal.**") and captioned as Allan Miller v. HFN, Inc., et al., Case No. 23-cv-00533 (the "**California Action**").

Exhibit 2: The Motion to Dismiss filed by HFN in the California Action on March 3, 2023.

Exhibit 3: The Order entered by the N.D. Cal. on May 10, 2023, granting HFN's Motion to Dismiss.

Exhibit 4: The First Amended Complaint filed by Plaintiff on May 31, 2023, in the California Action.

Exhibit 5: The Motion to Dismiss filed by HFN in the California Action on June 14, 2023.

Exhibit 6: The Motion to Dismiss filed by Shiralagi in the California Action on June 21, 2023.

Exhibit 7: The Order entered by the N.D. Cal. on August 16, 2023, granting HFN's and Shiralagi's Motions to Dismiss.

Exhibit 8: The Judgment entered by the N.D. Cal in the California Action on August 16, 2023.

Exhibit 9: The Notice of Appeal filed by Plaintiff in the N.D. Cal. on August 24, 2023.

Exhibit 10: The Order entered by the Ninth Circuit on November 1, 2023, granting Plaintiff's Motion to Dismiss his own appeal.

Exhibit 11: The written August 2015 Settlement Agreement ("**Settlement**") and related Stock Purchase Agreement ("**SPA**") executed between Plaintiff, HFN, and others.

The Court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "If a party requests that a court take judicial notice of a fact and supplies the court with the necessary information to do so, the court must take judicial notice of the fact." *Cricut, Inc. v. Enough for Everyone, Inc.*, No. 2:21-CV-601-TS-DAO, 2022 WL 1664631, at *2 (D. Utah May 25, 2022); Fed. R. Evid. 201(c).

**First**, the Court can and should take judicial notice of the above-referenced Exhibits 1 through 10, which: (a) consist of documents filed in the N.D. Cal. and Ninth Circuit in connection with the California Action; and (b) relate to Plaintiff's alleged claims in this action, including with respect to Defendants' *res judicata* defense. *See, e.g.*, *Merswin v. Williams Cos.*, 364 Fed. App'x 438, 440-441 (10th Cir. 2010) (recognizing the propriety of judicial notice of prior litigation records in ruling upon a motion to dismiss that raises a *res judicata* defense) (unpublished); *Ranson v. Kruse, Landa, Maycock, & Ricks, LLC*, No. 2:11CV1040, 2013 U.S. Dist. LEXIS 19619, at *3 (D. Utah Feb. 12, 2013) ("Many courts, including the Tenth Circuit, have held that it is proper to consider prior" filings from other courts "when reviewing a Rule 12(b)(6) motion to dismiss because" they are "matters of public record"; thus, the court could "consider and take judicial notice of [] pleadings from the [prior] state court action involving" the parties without "convert[ing] the motion to a motion for summary judgment.") (unpublished); *Ariix LLC v. Usana Health Scis., Inc.*, No. 2:22-cv-00313-JNP-DAO, 2023 U.S. Dist. LEXIS 48091, at *13 (D. Utah Mar. 20, 2023) ("Courts may take judicial notice of directly relevant proceedings in other courts.") (unpublished).

**Second**, the Court also can and should take judicial notice of the Settlement and related SPA found at Exhibit 11.[1] It is well-established that, in ruling on a motion to dismiss, a court may

---

[1] The SPA was executed concurrently with the Settlement, and the SPA is attached to and forms part of the Settlement. *See* Ex. 11 (Settlement) at §§ 1.1, 11 and Ex. 1 thereto.

take judicial notice of documents which are referenced in, and are relevant to, a plaintiff's claims, including settlements or other agreements which may bar those claims. *See, e.g., GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384-1385 (10th Cir. 1997) ("if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss" – "otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied."); *Tilley v. Mt. Am. Fed. Credit Union*, No. 2:17-cv-01120-JNP-BCW, 2018 U.S. Dist. LEXIS 165472, at *2 n. 1 (D. Utah Sep. 25, 2018) ("Mountain America attached a copy of the opt-in agreement to its motion to dismiss. Because this document was referenced in Tilley's complaint and no one disputes its authenticity, the court may consider the opt-in agreement without converting Mountain America's motion to a motion for summary judgment.") (unpublished); *Gulas v. White*, No. CIV 06-340 JH/LFG, 2008 U.S. Dist. LEXIS 138047, at *11-12 and n.7 (D.N.M. June 19, 2008) (taking judicial notice of "Waiver of Extradition" form in ruling on motion to dismiss where plaintiff "admit[ted] in his complaint that he signed an agreement to be extradited to California") (unpublished); *Lydick v. Erie Ins. Prop. & Cas. Co.*, 358 F. Supp. 3d 552, 557 (S.D. W. Va. 2019) ("the Court will consider the release and settlement communications because the Complaint references the settlement of the underinsured motorists claim and there is no dispute as to their authenticity."); *Advanced Cleanup Techs., Inc. v. BP Am. Inc.*, No. 2:14-cv-09033-CAS(AJWx), 2015 U.S. Dist. LEXIS 139322, at *3 n.2 (C.D. Cal. Oct. 9, 2015) (recognizing the "well-established" propriety of judicial notice of "a settlement agreement that, if valid, would bar claims alleged by the plaintiff in his or her complaint.") (unpublished).

Here, Plaintiff's First Amended Complaint ("**FAC**") in this case makes repeated reference to the parties' 2015 "settlement," including the negotiation of that agreement, and Plaintiff's

purchase of additional shares of HFN pursuant to the Settlement. (FAC ¶¶ 39-50, 392-483). More specifically, Plaintiff has asserted breach of fiduciary duty and fraud claims based on the allegation that, during settlement negotiations in 2015, Defendants misrepresented the intended future purpose of HFN's employee stock option pool ("**ESOP**"), which Plaintiff relied upon in entering the Settlement. (*Id.*). Under these circumstances, it is appropriate for the Court to take judicial notice of the Settlement and related SPA that are directly referenced in, and implicated by, Plaintiff's own claims and allegations, especially where Plaintiff did not object to Defendants' submittal of those documents, and the N.D. Cal.'s consideration of them, in the California Action.[2]

For the foregoing reasons, the Court should grant this Request in its entirety.

Dated: December 8, 2023       TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ Nathan R. Marigoni
    Anthony C. Kaye (Utah SBN 8611)
    Nathan R. Marigoni (Utah SBN 14885)
    Matthew H. Ladner (*pro hac vice forthcoming*)
    William M. Taylor (*pro hac vice forthcoming*)
    Attorneys for Defendants HFN, INC. and KUMAR SHIRALAGI

---

[2] *See* Exs. 5-7.