FILED
2024 JAN 12
CLERK
U.S. DISTRICT COURT

Allan Miller
3385 Claudia Drive
Concord, CA  94519
650-468-7387
allan.miller@alumni.stanford.edu
Pro Se Plaintiff

# IN THE UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALLAN MILLER<br><br>Plaintiff,<br><br>vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.,<br>KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company,<br>SRIDHAR SANTHANAM,<br>KUMAR SHIRALAGI, PAVAN VAISH, and VANI KOLA<br><br>Defendants. | **MOTION FOR CLERK OF COURT TO SUBMIT HAGUE SERVICE DOCUMENTS AND TO EXTEND TIME FOR HAGUE SERVICE**<br><br>[Filed concurrently with Proposed Order]<br><br>Case Number: 2:23-cv-00733-CMR<br><br>Magistrate Judge Cecilia M. Romero |

# MOTION FOR CLERK OF COURT TO SUBMIT HAGUE SERVICE DOCUMENTS AND TO EXTEND TIME FOR HAGUE SERVICE

1. Plaintiff Allan Miller ("Miller") filed the original Complaint in this case on October 16, 2023.

2. Miller filed an Amended Complaint in the case on October 31, 2023.

3. Miller served the original Complaint on Defendant HFN, Inc. in the United States on October 20, 2023, using a process service agent.

4. Miller served the original Complaint on Defendant Kumar Shiralagi in the United States on October 21, 2023, using a process service agent.

5. The remaining four Defendants, Kalaari Capital Advisors Private Limited, Sridhar Santhanam, Pavan Vaish, and Vani Kola, are in India. India has objected to all alternative forms of service in Article 10 of the Hague Convention, leaving only the option for Hague Convention service through the Central Authority pursuant to Article 5(1)(a) of the Hague Convention.

6. The time and success of Hague Convention service in India cannot be predicted, since it is dependent on the actions of the Central Authority in India. The current estimate for the return of Hague service in India is 12 months to 24 months.

7. As a *pro se* Plaintiff, Miller cannot submit Hague Convention service documents to the Central Authority in India. The Department of Justice has a memo describing the procedure in this case, attached here as Exhibit 1;[1] in particular, page 2 of that document indicates, "Please note under the Federal Rules of Civil Procedure and most state court rules, a *pro se* party is not permitted to serve a summons and complaint. Accordingly, a *pro se* party is NOT a competent authority for purposes of transmitting a request for service under the Hague Service Convention. In such cases, the **clerk of court** or other appropriate official who is authorized to serve the complaint domestically should prepare and submit the request for service." (emphasis added)

---

[1] Also available online at https://www.justice.gov/civil/page/file/1064896/dl?inline

8. On December 28, 2023, Miller called the Clerk of Court to discuss the submission and was referred to Kim, who was not available. Miller left a detailed message, and called again on January 3, 2024. He had a friendly, pleasant conversation with Kim where she asked him to send the Hague service materials with a cover letter citing authorities, and to send this to the Clerk's office rather than directly to her. She reminded Miller that the Clerk's office cannot provide legal advice, and Miller confirmed that he was not seeking legal advice.

9. On January 12, 2024, Miller was able to finish the numerous documents required for Hague service of the four remaining Defendants, and sent these to the Clerk of Court for early delivery on Monday, January 15, 2024, including the requested cover letter with the citation to the memo in Exhibit 1, and details on how to finalize and submit the documents.

10. Miller followed up with an email and received a reply indicating that the Clerk of Court would not be able to proceed without a filing in the case and consideration by the Court.

11. Miller and the office of the Clerk of Court have made significant progress toward the Hague Service submission for the remaining four Defendants in this case, but are now at a point where the Court's order is required for further progress. The Plaintiff is therefore filing this Motion along with a Proposed Order, attached as Exhibit 2.

## RELIEF SOUGHT

12. The Plaintiff moves to extend the time for service to Defendants Kalaari Capital Advisors Private Limited, Sridhar Santhanam, Pavan Vaish, and Vani Kola to the return of the Certificate of Service from the Central Authority in India.

13. The Plaintiff also moves to authorize the office of the Clerk of Court to work with the Plaintiff to finalize and submit the Hague Convention service documents for Defendants Kalaari Capital Advisors Private Limited, Sridhar Santhanam, Pavan Vaish, and Vani Kola.

Date: _____January 12, 2024_____   By: ____/s/ Allan A. Miller_____
                                                                             Allan Miller
                                                                             Plaintiff (Pro se)

# EXHIBIT 1



**U.S. Department of Justice**
Civil Division
Office of International Judicial Assistance

*Last updated 10/1/18*

  The Office of International Judicial Assistance ("OIJA"), acting through its contractor ABC Legal (formerly known as PFI), plays a very limited role with regard to requests for service of documents from the United States to be served upon persons or entities in foreign countries. Below we summarize some permissible methods for service abroad, but it is the sole responsibility of parties within the United States to make all arrangements for the service of documents outside of the United States.

**I. SERVICE ABROAD PURSUANT TO THE HAGUE SERVICE CONVENTION**

  The Convention of 15 November 1965 on the Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention") provides for effective, expeditious, and inexpensive service of U.S. judicial documents in civil or commercial cases on individuals, companies, or foreign governments and their instrumentalities abroad, to the extent the foreign government permits service under the Convention. This Convention cannot be used to serve documents related to criminal cases.

  Under U.S. law, attorneys representing parties in courts within the United States are competent authorities to prepare and submit requests for service going to foreign Central Authorities. See Rule 4 of the Federal Rules of Civil Procedure ("FRCP"); Holloway v. Arkansas, 435 U.S. 475 (1978); see also Charleston Aluminum, LLC v. Ulbrinox S. De R.L. de S.V., No. 3:12–2389–MBS, 2013 WL 152895 (D.S.C. Jan. 15, 2013); Coombs v. Iorio, No. CIV-06-060-SPS, 2008 WL 4104529 (E.D. Okla. Aug. 28, 2008); Marschauser v. Travelers Indemnity Co., 145 F.R.D. 605, 607 (S.D. Fla. 1992).

  A party who wishes to serve judicial or extrajudicial documents using the Hague Service Convention relating to a state or federal proceeding should take the following steps:

1. Determine whether the country in which service is to be made is a party to the Convention. For a listing of all countries that are parties to the Hague Service Convention see: http://www.hcch.net/index_en.php?act=conventions.status&cid=17;

2. Read the Convention. The text is short and clear, and will provide answers to the questions which are most frequently asked concerning the procedures to be followed. The full text of the Hague Service Convention can be found at http://www.hcch.net/index_en.php?act=conventions.text&cid=17; and

3. Obtain a copy of the Hague Service Convention Request Form ("Request Form") that **must** accompany a request pursuant to Article 3 of the Convention. See https://www.hcch.net/en/publications-and-studies/details4/?pid=6560&dtid=65. Instructions for completing the Form can be found here: https://www.hcch.net/en/publications-and-studies/details4/?pid=27.

A. **Instructions for Completing the Request Form**

The "Request" Page:

- *Identity and address of the applicant*: Enter the name and address of the applicant (or Requesting Authority) who will be forwarding the request to the Receiving State's Central Authority for execution. As noted above, under U.S. law, the applicant will be the attorney for the party requesting service. Other competent authorities under U.S. law include clerks of court and persons authorized to serve a summons and complaint under the rules of procedure of the state or federal court where the case is pending. Please note under the Federal Rules of Civil Procedure and most state court rules, a *pro se* party is not permitted to serve a summons and complaint. Accordingly, a *pro se* party is NOT a competent authority for purposes of transmitting a request for service under the Hague Service Convention. In such cases, the clerk of court or other appropriate official who is authorized to serve the complaint domestically should prepare and submit the request for service. Be sure to state the position/title of the applicant.

- *Address of receiving authority*: Enter the name and address of the Central Authority for the Receiving State. The names and mailing addresses for the foreign Central Authorities can be found at: http://www.hcch.net/index_en.php?act=conventions.authorities&cid=17.

- *Identity and Address*: Enter the full name and address of the person or entity to be served in the blanks left for the addressee. If available, the date of birth or any other identifying information of the person to be served should be included.

- *Check box to indicate the method of service which is sought.*
    - Check "a" if service is to be made in accordance with the provisions of sub-paragraph (a) of the first paragraph of Article 5 of the Convention, which provides for service in accordance with the internal law of the Receiving State.
    - Check "b" if a particular method service is requested (not otherwise incompatible with the internal law of the Receiving Authority), as permitted by sub-paragraph (b) of the first paragraph of Article 5 of the Convention.
    - Under box "c," the foreign Central Authority may process a service request under the second paragraph of Article 5 (i.e., service by "delivery to an addressee who accepts it voluntarily") where no translation accompanies the request. However, effective service under this method will depend upon voluntary acceptance of the documents by the person to be served – a method rarely, if ever, used in this country but frequently resorted to by courts in civil law countries.

- *List of documents*: In the space provided, list all of the documents which are attached to the Request Form and all of the documents that are to be served.

[2]

- The applicant should sign and date the Request Form. You may include at the bottom of the Request Form a citation to the particular federal or state rule of civil procedure evidencing the applicant's authority to forward the request for service.

The "Certificate" Page: LEAVE BLANK – This page will be completed by the Receiving State's Central Authority and returned to the applicant.

The "Warning" Page: This page is recommended but not required.

The "Summary of The Document To Be Served" Page:

- Enter the appropriate information on the "Summary" portion of the Request Form. The applicant is the Requesting Authority.

- The names and addresses of both parties (plaintiff and defendant) should be included in the section on "particulars of the parties."

- Check whether judicial or extrajudicial documents are being served. If judicial, be sure to complete all of the relevant sections.

- When service is sought in a non-English speaking country under the first full paragraph of Article 5 (i.e., service "by a method prescribed by its internal law for the service of documents in domestic actions" or "by a particular method requested by the applicant"), the Central Authority of the Receiving State may require that the English-language documents be accompanied by a translation into the language of that country. Consult the declarations of the ratifying countries under the Convention.[1]

B. **Execution Pursuant to the Hague Service Convention**

- The completed Request Form (in duplicate) together with duplicate copies of the documents to be served (and any necessary translations) – with the completed Request Form on top – should be mailed directly to the Central Authority in the Receiving State. No transmittal letter or other formality is necessary. **This office is not involved in the transmission of outgoing requests.**

---

[1] Many countries require that all documents are translated, as indicated on their Practical Information page. See https://www.hcch.net/en/instruments/conventions/authorities1/?cid=17. In addition, even if there is no explicit translation requirement, since most countries view service in terms of providing effective notice and notice will not be effective where the person served cannot understand the documents because they are written in a foreign language, we strongly recommend that the documents to be served be accompanied by translations, unless it is known that the recipient is familiar with the English language. At the very least, the documents to be served should be accompanied by a translated summary of their contents so the recipient is placed on notice concerning the essential elements, such as the origin of the claim, nature of the documents, and the time limits for entering an appearance or making a reply.

[3]

- Unless otherwise specified by the Receiving State's Central Authority, it is not necessary that payment accompany the request. Under Article l2 of the Convention, the services performed by the Central Authority are free. However, the applicant may be billed for expenses incurred by the foreign judicial official, or other competent person to effect service, that is utilized by the Central Authority or for costs incurred from the use of a particular method of service requested. See Article 12. The Central Authority will inform the applicant of any charges and will specify the manner of payment. It is important that the applicant pay such bills promptly. For example, the United States utilizes a private process server to execute incoming Hague Service Convention requests. As permitted by Article 12, ABC Legal charges a fee that must be paid by the foreign applicant or Requesting Authority at the time of making the request. Check the Central Authority practical information pages to confirm whether a fee is required: https://www.hcch.net/en/instruments/conventions/authorities1/?cid=17.

- After service has been made by the Central Authority in the Receiving State, one copy of the documents served and the completed Certificate will be returned to the applicant. If successfully executed, it is prima facie evidence of proper service. Northrup King Co. v. Compania Productora Semillas Algodoneras, 51 F.3d 1383 (8th Cir. 1995).

- The Convention does not prescribe the time within which service is to be made.[2] Experience teaches that the processing of foreign service requests varies considerably from country to country; follow-up or status inquiries should be sent directly to the Central Authority in the Receiving State only if no response is received within a reasonable period of time (45 to 60 days).

The Hague Service Convention also permits service of process by postal channels. See Hague Service Convention, art. 10(a). See also, Water Splash v. Menon, 137 S. Ct. 1504 (2017) (holding that the Hague Service Convention permits service of judicial and extrajudicial documents by postal channels). Therefore, so long as the Receiving State has not made an Article 10(a) declaration and the law of the Requesting State affirmatively authorizes service by postal channels, a party may effect service of judicial or extrajudicial documents by mail. See FRCP 4(f)(2)(c)(ii) ("[U]sing any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt.").[3] If the Convention applies,[4] parties cannot agree or stipulate to a

---

[2] In its capacity as the United States Central Authority, OIJA requires ABC Legal to execute service requests within six weeks.

[3] For example, service by registered mail should not be used in the following countries which have objected to the method described in Article 10(a) of the Hague Service Convention: Argentina, Bulgaria, the People's Republic of China, Croatia, the Czech Republic, Egypt, Germany, Greece, Hungary, India, the Republic of Korea, Kuwait, Lithuania, Macedonia, Malta, Mexico, Moldova, Monaco, Montenegro, Norway, Poland, the Russian Federation, San Marino, Serbia, Slovakia, Sri Lanka, Switzerland, Turkey, Ukraine, and Venezuela.

[4] To determine whether the Hague Service Convention applies, see Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694 (1988).

method of service that the Convention neither authorizes nor permits and a party in the U.S. should not utilize a method of service that to which the state of destination has objected.

II.      SERVICE ABROAD PURSUANT TO THE INTER-AMERICAN CONVENTION

Although more limited in geographic scope, the Additional Protocol to the Inter-American Convention on Letters Rogatory ("Inter-American Convention"), like the Hague Service Convention, provides for effective and inexpensive service abroad of documents in civil or commercial cases. It does not apply to documents related to criminal cases.

As with the Hague Service Convention, anyone competent to serve under FRCP 4 is a competent authority for purposes of the Inter-American Convention. In contrast to the Hague Service Convention, however, a request for service under the Inter-American Convention must bear the signature and seal of the court where the U.S. action is pending and of the United States Central Authority, acting through its contractor ABC Legal.

A party who wishes to serve judicial documents relating to a state or federal proceeding using the Inter-American Convention should take the following steps:

1. Determine whether the country in which service is to be made is a party to the Convention. See: http://www.oas.org/juridico/english/sigs/b-46.html;

2. Read the Convention. The full text of the Inter-American Convention can be found at http://www.oas.org/juridico/english/treaties/b-46.html; and

3. Obtain a copy of the Inter-American Convention Request Form ("Request Form") that **must** accompany a service request. See: https://www.justice.gov/civil/page/file/914416/download.

A.   **Instructions for Completing the Inter-American Convention Request Form**

The Request Form is fairly self-explanatory. Here, we merely summarize the main requirements. It is incumbent upon the requesting party to properly complete the Request Form.

Form A – Letters Rogatory:

**Page 1:**
- *Box 1*: Enter the name and address of the requesting judicial or other adjudicatory authority (Requesting Authority) forwarding the request to the Receiving State's Central Authority.
    o The Convention requires that the Request Form bear the seal and signature of the requesting judicial or other adjudicatory authority in the United States. The clerk of the judicial or other adjudicatory authority where the action is pending must place their seal and signature on the form where it reads "Signature and stamp of the judicial or other adjudicatory authority of the state of origin" on page 2.

[5]

- *Box 2:* Enter the parties and U.S. docket number.

- *Box 3*: Enter the address for ABC Legal (ABC Legal, 633 Yesler Way, Seattle, Washington 98104)
    - ABC Legal will execute the signature/stamp of the Central Authority of the "State of Origin" as required on page 2.

- *Box 4:* Enter the name and address of the Central Authority for the Receiving State in Box 4. Designated Central Authorities can be found on http://www.oas.org/juridico/english/sigs/b-46.html. ABC Legal can also provide you with this information.

- *Box 5*: Enter the name and address of the requesting party.

- *Box 6:* Enter the requesting party's counsel. As discussed above, typically the attorney for the party making the service is competent to make the request. Other competent authorities under U.S. law include a clerk or court or anyone authorized to serve a summons and complaint under the rules of procedure of the state or federal court where the case is pending.

**Page 2:**
- *Requests their prompt service:* Enter the full name and address of the person or entity to be served.

- ***The undersigned authority requests the service be carried out in the following manner***: Indicate the method of service which is sought.

- *Requests the delivery of the documents listed below…*: List all of the documents which are attached to the Request Form that are to be served.

Form B – Essential Information for the Addressee: Enter the appropriate information concerning the person or entity to be served, the nature of documents being served, and any time limits for entering an appearance or making a reply.

Form C – the Certificate of Execution: LEAVE BLANK – This page will be completed by the Receiving State's Central Authority and will be returned to ABC Legal, who will then forward it to the Requesting Authority.

**Note: the Inter-American Convention requires submission in <u>triplicate</u> of the Request Form and the documents to be served, and requires translation of all the documents to be served.**

    **B.**    <u>**Execution Pursuant to the Inter-American Convention**</u>

- The completed Request Form in triplicate, together with triplicate copies of the documents to be served and translations, should be delivered by the party to ABC

[6]

- Legal, who will date and sign/stamp the Form in the bottom right-hand corner of page 2.

- The Request – with the completed Request Form on top – is sent by ABC Legal to the Central Authority in the Receiving State.

- After service is made by the Central Authority in the Receiving State, one copy of the documents served and the executed "Certificate" will be returned. Service requests sent pursuant to the Inter-American Convention may take six months to a year to execute.

### III. SERVICE IN COUNTRIES WITH WHICH THE UNITED STATES HAS NO TREATY ARRANGEMENT

- Absent a treaty, service abroad must be made by letters rogatory sent through diplomatic channels (https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html) or in accordance with domestic law regulating extraterritorial service and in a manner which will comport with the laws of the foreign country in which the document is to be served.

- **A note of caution**: service of judicial documents is regarded in civil law countries as a sovereign judicial function, and the laws of some countries make it an offense for foreign officials to perform such sovereign judicial functions within their territories, without express permission from the local government. In such States, service might be authorized using a privately-engaged person in the Receiving State. U.S. litigants may wish to consult with foreign counsel to ensure service is properly effectuated without violating state sovereignty.

- Under the U.S. federal system, we have both federal courts and state courts, each with their own rules. Service in a foreign country in actions pending in federal courts is governed by FRCP 4(f), which provides for various methods of service:

    1. By any internationally agreed means of service that is reasonably calculated to give notice (FRCP 4(f)(1));
    2. In the manner prescribed by the foreign country for service in that country in an action in any of its courts of general jurisdiction (FRCP 4(f)(2)(A));
    3. As directed by the foreign authority in response to a letter rogatory or letter of request (FRCP 4(f)(2)(B));
    4. Unless prohibited by the laws of the foreign country,
        - By personal delivery abroad (FRCP 4(f)(2)(C)(i));
        - By any form of mail, requiring a signed receipt to be addressed and dispatched by the clerk of the court to the party to be served (FRCP 4(f)(2)(C)(ii)); or
    5. As directed by order of the court by other means not prohibited by international agreement (FRCP 4(f)(3)).

[7]

- The decision as to which method of service should be employed will depend on the circumstances of each case and the laws of the Receiving State. Where permitted by foreign law, service by international registered mail with a return receipt offers the least expensive and most expeditious method of serving judicial documents abroad. <u>As noted above, however, many civil law countries regard service, including service by mail, a sovereign judicial function and thus may consider service by mail an infringement of their sovereignty</u>.[5] Additionally, service by mail may prove unsatisfactory because of the addressee's negligent or deliberate failure to return the receipt. If service by mail cannot be accomplished, service may be attempted by personal delivery (<u>e.g.</u>, by a notary, attorney, or a private process server), provided the law of the Receiving State permits it; otherwise letters rogatory, which will generally be honored abroad on the basis of comity and reciprocity, should be issued. Note, some countries require an authentication of the seal of the United States court to confirm to their courts the authenticity of a foreign request.

- Service abroad on behalf of litigants in this country is not a function of United States diplomatic or consular missions. Under existing regulations, Foreign Service Officers are prohibited from serving legal process except when expressly authorized to do so by the Department of State. <u>See</u> 22 C.F.R. § 92.85. U.S. Foreign Service Officers stationed abroad may, however, furnish to courts and litigants information available concerning local procedures for serving judicial documents, lists of local attorneys, etc.

**IV.   <u>Resources</u>**

- https://www.justice.gov/civil/service-requests

- https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial asst/Service-of-Process.html

- https://travel.state.gov/content/travel/en/legal-considerations/judicial/country.html

- http://www.hagueservice.net/homepage.asp

- https://www.hcch.net/en/instruments/conventions/specialised-sections/service

- http://www.oas.org/juridico/english/treaties/b-46.html

---

[5] <u>See</u> Footnote 3 for a list of countries who have objected to the use of postal channels as described in Article 10(a) of the Hague Service Convention.

[8]

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ALLAN MILLER<br><br>        Plaintiff,<br><br>  vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.,<br>KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company,<br>SRIDHAR SANTHANAM,<br>KUMAR SHIRALAGI, PAVAN VAISH, and VANI KOLA<br><br>        Defendants. | **ORDER GRANTING MOTION FOR CLERK OF COURT TO SUBMIT HAGUE SERVICE DOCUMENTS AND TO EXTEND TIME FOR HAGUE SERVICE**<br><br>[Filed concurrently Proposed Order]<br><br>Case Number: 2:23-cv-00733-CMR<br><br>Magistrate Judge Cecilia M. Romero |

Having considered the Plaintiff's Motion for the Clerk of Court to submit Hague service documents, and to extend time for the Hague service, and for good cause appearing, the Court hereby GRANTS the Motion and ORDERS that as follows:

- The time for service to Defendants Kalaari Capital Advisors Private Limited, Sridhar Santhanam, Pavan Vaish, and Vani Kola is extended to the return of the Certificate of Service from the Central Authority in India; and
- The office of the Clerk of Court is authorized to work with the Plaintiff to finalize and submit the Hague Convention service documents for Defendants Kalaari Capital Advisors Private Limited, Sridhar Santhanam, Pavan Vaish, and Vani Kola.

DATED this ___ January 2024.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

<u>Certificate of Service</u>

I certify that Plaintiff Allan Miller:

1. has registered for Email Filing and Electronic Notification pursuant to DUCivR 5-1(b)(1)(A);

2. has verified that the above document meets the requirements outlined in DUCivR 5-1(b)(1)(A);

3. has filed this document electronically through email to utdecf_clerk@utd.uscourts.gov; and

4. has served all non-ECF parties by an acceptable means pursuant to DUCivR 5-1(b)(1)(A)(ii)(g).

Accordingly, the document will be served upon all ECF parties through the Court's ECF system.

Date: ____January 12, 2024_____    Signature: _____/s/ Allan A. Miller_____

                                                                                    Printed name: _____Allan A. Miller_____