Anthony C. Kaye (Utah SBN 8611)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6128
Email: Tony.Kaye@troutman.com

Nathan R. Marigoni (Utah SBN 14885)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
Telephone: (470) 832-5575
Email: Nathan.Marigoni@troutman.com

Matthew H. Ladner (*pro hac vice*)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
350 S. Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: (213) 928-9816
E-mail: Matthew.Ladner@troutman.com

William M. Taylor (*pro hac vice*)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
125 High St., 19th Floor
Boston, MA 02110
Telephone: (617) 204-5186
Email: William.Taylor@troutman.com

*Attorneys for Defendant*
KUMAR SHIRALAGI

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALLAN MILLER,<br><br>        Plaintiff,<br><br> vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.; KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company; SRIDHAR SANTHANAM; KUMAR SHIRALAGI; PAVAN VAISH; and VANI KOLA,<br><br>        Defendants. | **DEFENDANT KUMAR SHIRALAGI'S REPLY IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Case No. 2:23-cv-00733-CMR<br><br>Magistrate Judge Cecilia M. Romero |

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | PLAINTIFF HAS NOT STATED A FIDUCIARY DUTY CLAIM AGAINST SHIRALAGI | 1 |
| III. | PLAINTIFF HAS NOT STATED A CONVERSION CLAIM AGAINST SHIRALAGI | 3 |
| IV. | PLAINTIFF'S FRAUD CLAIM ALSO FAILS FOR MULTIPLE REASONS | 5 |
| | A. Res judicata Requires Dismissal | 5 |
| | B. The Settlement and SPA Also Bar This Claim | 7 |
| | C. Plaintiff Has Not Pleaded Sufficient Facts to Show Fraud | 8 |
| | D. Plaintiff's Fraud Claim is Untimely | 9 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Hartsel v. Vanguard Grp., Inc.*,
2011 Del. Ch. LEXIS 89 (June 15, 2011)................................................................................1

*Colosimo v. Roman Catholic Bishop*,
156 P.3d 806 (Utah 2007) .......................................................................................................9

*Crisafi v. Holland*,
655 F.2d 1305 (D.C. Cir. 1981) ..............................................................................................9

*Dole Food Co. v. Patrickson*,
538 U.S. 468 (2003) ................................................................................................................4

*duPont v. duPont*,
42 Del. Ch. 246 (1965) ............................................................................................................4

*Gabriel v. Preble*,
396 F.3d 10 (1st Cir. 2005) .....................................................................................................2

*Int'l Union of Operating Eng'rs-Employers Constr. Indus. Pension, etc. v. Karr*,
994 F.2d 1426 (9th Cir. 1993) ................................................................................................6

*In re J.P. Morgan Chase & Co. S'holder Litig.*,
906 A.2d 808 (Del. Ch. 2005).................................................................................................2

*N.M. ex rel. King v. Capital One Bank U. S. N.A.*,
980 F. Supp. 2d 1346 (D.N.M. 2013) .....................................................................................5

*Matosantos Commer. Corp. v. Applebee's Int'l, Inc.*,
245 F.3d 1203 (10th Cir. 2001) ..............................................................................................5

*Plotner v. AT&T Corp.*,
224 F.3d 1161 (10th Cir. 2000) ..............................................................................................5

*Rich Media Club, Ltd. Liab. Co. v. Mentchoukov*,
2012 U.S. Dist. LEXIS 48498 (D. Utah Apr. 3, 2012)............................................................3

*Saylor v. U.S.*,
315 F.3d 664 (6th Cir. 2003) ..................................................................................................6

*Seale v. Citizens Sav. & Loan Ass'n*,
  806 F.2d 99 (6th Cir. 1986) ...................................................................................3

*Slocum v. Corporate Express US Inc.*,
  446 Fed. App'x 957 (10th Cir. 2011) .....................................................................6

*Southam v. S. Despain Ditch Co.*,
  337 P.3d 236 (Utah 2014) ......................................................................................4

*Stan Lee Media, Inc. v. Walt Disney Co.*,
  774 F.3d 1292 (10th Cir. 2014) .............................................................................6

*State v. Sommerville*,
  297 P.3d 665 (Utah Ct. App. 2013) ........................................................................6

*Torres v. Shalala*,
  48 F.3d 887 (5th Cir. 1995) ....................................................................................6

*Warner v. Dmg Color*,
  20 P.3d 868 (Utah 2000) ........................................................................................4

**Statutes**

8 Del. C. § 220 ...............................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 9(b) ........................................................................................................8

Fed. R. Civ. P. 12(b)(6) ..................................................................................................6

**I.     INTRODUCTION**

After multiple pleading attempts in the N.D. Cal. and now this Court, Plaintiff's Opposition confirms that he has no legitimate basis for pursuing his claims against Shiralagi. Plaintiff does not engage with, much less refute, Shiralagi's points and dispositive legal authorities. Instead, Plaintiff principally relies on red herring arguments, as well as various extrinsic documents which, even if they could be considered by the Court, do nothing to move the needle in Plaintiff's favor. For the reasons set forth in the Motion, and again in this Reply, the Court should dismiss the FAC without leave to amend, and dismiss this action with prejudice as to Shiralagi.[1]

**II.    PLAINTIFF HAS NOT STATED A FIDUCIARY DUTY CLAIM AGAINST SHIRALAGI**

Plaintiff cannot state a valid claim fiduciary duty claim against Shiralagi for two reasons: (1) Plaintiff's claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty are classically derivative claims that Plaintiff cannot legally pursue; and (2) Plaintiff has failed to plead non-conclusory facts showing any fiduciary-related wrongdoing by Shiralagi. (Mot. at 7-12). Plaintiff cannot overcome these dispositive points.

**First** – with respect to the derivative nature of his claims – Plaintiff makes no real effort to dispute this issue, nor the law holding that he cannot maintain derivative claims as a *pro se* litigant. Instead, Plaintiff argues in conclusory fashion that his claims are not derivative because he says they're not. (Opp. at 15). But, "**[t]he manner in which a plaintiff labels its claims and the form of words used in the complaint are not dispositive; rather, the court must look to the nature of the wrong alleged, taking into account all of the facts alleged in the complaint, and determine for itself whether a direct claim exists**." *Hartsel v. Vanguard Grp., Inc.*, 2011 Del.

---

[1] Because Plaintiff's Opposition to Shiralagi's Motion largely tracks and repeats his Opposition to HFN's Motion, this Reply omits certain parentheticals and citations to avoid needlessly duplicating the points, authorities, and arguments made in HFN's Reply.

Ch. LEXIS 89, at *65 (June 15, 2011) (emphasis added); *see also In re J.P. Morgan Chase & Co. S'holder Litig.*, 906 A.2d 808, 817 (Del. Ch. 2005) (same).

Here, it is readily apparent that Plaintiff is, in substance, seeking recovery for purported misconduct by HFN's officers and directors that supposedly harmed the corporation and, in turn, diminished the value of Plaintiff's pro rata stake in HFN. (FAC ¶¶ 2, 20, 33, 36-37, 49, 56-57, 59, 65-67, 78-80, 86, 91, 94, 98,107, 116, 124, 128, 132, 136, 141, 143, 147, 149, 156, 161, 163, 168, 172, 251, 254, 260, 263, 397, 406, 415, 424, 433, 442, 450, 452, 456, 458, 462, 464, 468, 470, 474, 476, 480, 482). Thus, self-serving labels aside, Plaintiff's fiduciary duty counts against Shiralagi are derivative in nature, and they must be dismissed.[2]

**Second** – with respect to the generic and conclusory nature of his allegations, which impermissibly lump Shiralagi together with all other Defendants in an undifferentiated manner – Plaintiff asks the Court to consider various documents attached to his Opposition that purportedly show Shiralagi "was the Board member who had all the negative information [about HFN] and failed to take corrective action." (Opp. at 4, citing Exs. 1 and 2). As an initial matter, the Court should not consider these extrinsic materials in ruling on Shiralagi's Motion, nor is it enough for Plaintiff to assert that Shiralagi – **as well as all other Defendants** – collectively breached their fiduciary duties merely by turning a blind eye to allegedly self-dealing transactions and other examples of purported corporate mismanagement. (Mot. at 11, citing *Canadian Comm. Workers Indus. Pension Plan v. Alden*, 2006 Del. Ch. LEXIS 42, at *25 (Feb. 22, 2006)). In any event, the documents attached to Plaintiff's Opposition do not cure the FAC's pleading defects because they fail to implicate Shiralagi in any actionable wrongdoing at all. Specifically, Exhibit 1 to the Opposition consists of an unauthenticated slide deck that omits any reference to Shiralagi,

---

[2] Plaintiff further contends that his claims "cannot be a derivative suit" because "[t]here cannot be a derivative suit against individuals." (Opp. at 15). This is incorrect. *See Gabriel v. Preble*, 396 F.3d 10, 15 (1st Cir. 2005) (recognizing that "the directors and ranking officers" of a corporation are generally the "real defendants in a derivative suit").

and instead contains only unsubstantiated accusations about HFN's business operations and finances as of July 2022. (Opp. at 1 and 4, Ex. 1). Furthermore, Exhibit 2 simply reflects actions HFN took in October 2023 under Delaware law to ratify certain prior acts of the company, including the election of Shiralagi as a Board member more than a decade ago, in June 2012. (Opp. at 4, Ex. 2 at Ex. A thereto at p. 5). However, Shiralagi's mere status as a former Board member does not *ipso facto* render him liable for the purported mismanagement of HFN, or otherwise show that he personally engaged in any wrongdoing vis-à-vis Plaintiff during his tenure on the Board. *See Seale v. Citizens Sav. & Loan Ass'n*, 806 F.2d 99, 106 (6th Cir. 1986). In other words, the fact that Shiralagi previously served on HFN's Board is no substitute for well-pleaded facts showing an actual breach of his fiduciary duties. *See Rich Media Club, Ltd. Liab. Co. v. Mentchoukov*, 2012 U.S. Dist. LEXIS 48498, at *10 (D. Utah Apr. 3, 2012).

**Third**, Plaintiff does not address – and therefore concedes – that a claim for aiding and abetting breach of fiduciary duty can **only** be alleged against a non-fiduciary. (Mot. 12). Because Shiralagi was a fiduciary of HFN during his tenure on the Board, Plaintiff's aiding and abetting claim is legally barred.[3]

## III. PLAINTIFF HAS NOT STATED A CONVERSION CLAIM AGAINST SHIRALAGI

Plaintiff has asserted claims for conversion of corporate assets belonging to HFN, such as payments to a third-party vendor, company cash, and employee travel budgets. In addition, Plaintiff now contends he is seeking recovery of certain HFN employee stock options under a conversion theory, despite the absence of any such cause of action in the FAC. (Opp. at 10).

---

[3] To the extent Plaintiff contends that his fiduciary duty claims should be governed by Utah rather than Delaware law, that argument also fails for the reasons set forth in HFN's Reply – namely, that: (1) Plaintiff has judicially admitted that HFN is a Delaware corporation subject to Delaware law (FAC ¶¶ 7, 17, 41); and (2) HFN is, and remains, a Delaware corporation in good standing. (Supplemental Request for Judicial Notice ("**Supp. RJN**"), Ex. 12). Accordingly, the "internal affairs doctrine" mandates the application of Delaware law to these claims.

As an initial matter, Plaintiff's conversion claims – like his fiduciary duty counts – are classically derivative because they seek to redress the purported waste/misuse of corporate assets through alleged self-dealing. Plaintiff does not dispute this point, which, by itself, requires dismissal. (Mot. at 12-13, citing *Dietrichson v. Knott*, 2017 Del. Ch. LEXIS 64, at *10 (Apr. 19, 2017) and *Warner v. Dmg Color*, 20 P.3d 868, 872 (Utah 2000)).

In addition, it is equally clear that Plaintiff lacks an immediate or personal possessory or ownership interest in any of the above-listed company assets. Because such an interest is a necessary prerequisite to a cognizable conversion claim, Plaintiff's claims must fail. (Mot. at 13). Plaintiff tries to circumvent this glaring defect by arguing, without citation, that "HFN is not acting as a corporation, but is instead acting as an alter ego for the Defendants . . . ." (Opp. at 11). Yet, no law supports the notion that Plaintiff, as a HFN shareholder, can maintain a conversion claim for corporate assets at all, much less against Shiralagi, by: (i) piercing the veil of his own corporation for his own benefit; (ii) deeming all corporate assets his own personal property; and then (iii) seeking to recover that property from HFN's former Board member. In essence, Plaintiff asks the Court to treat HFN – an existing corporation in good standing under Delaware law (Supp. RJN, Ex. 12) – as though it were a dissolved entity whose assets are required to be liquidated and distributed to all shareholders. This proposed approach is contrary to well-established precedent, and it should not be condoned here. *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 474-475 (2003) ("An individual shareholder, by virtue of his ownership of shares, does not own the corporation's assets"); *Southam v. S. Despain Ditch Co.*, 337 P.3d 236, 241 n. 7 (Utah 2014) (same); *duPont v. duPont*, 42 Del. Ch. 246, 251 (1965) (same).[4]

---

[4] Even if HFN were deemed an alter ego of the other Defendants – which it is not – it would not save Plaintiff's conversion claims. A hypothetical unity of interest between HFN and, for example, Mr. Santhanam, would not change the fact that **Plaintiff himself** does not personally own, or have any immediate possessory interest in, the assets of HFN, such as company cash, travel budgets, and employee stock options. In other words, an alter ego finding between HFN and the other Defendants would not transmute corporate assets into the assets of **Plaintiff**.

## IV. PLAINTIFF'S FRAUD CLAIM ALSO FAILS FOR MULTIPLE REASONS

### A. Res judicata Requires Dismissal

As established in the Motion, both claim and issue preclusion prohibit Plaintiff from maintaining a fraudulent misrepresentation claim related to (i) his acquisition of additional HFN shares pursuant to a 2015 Settlement and SPA with the company, and (ii) the company's subsequent use of the ESOP to grant certain officers and directors stock options. That is because Plaintiff brought a substantively identical securities fraud claim in the California Action which the N.D. Cal. dismissed "**with prejudice**" after Plaintiff repeatedly failed to plead facts showing any hint of fraud. (Mot. at 14-17; RJN, Ex. 7 (emphasis added)). Plaintiff makes several arguments against res judicata, but none pass muster.

**First**, Plaintiff contends that the N.D. Cal.'s ruling was based only on the absence of "scienter" and the "technicalities of . . . pleading [] a securities tort[,]" whereas his allegation of "ESOP abuse in front of this Court is one of conversion, not securities fraud." (Opp. at 12-13). To begin, the FAC does not include a "conversion" cause of action involving the ESOP; rather, it asserts a claim for "negligent misrepresentation" based on the same nucleus of facts at the heart of Plaintiff's securities fraud count in the California Action. (FAC at p. 71 and ¶¶ 392-483). Furthermore, the law is clear that Plaintiff cannot side-step res judicata by recasting his claim under a different legal theory, regardless of whether that theory is common law fraud, conversion, or something else. *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1170 (10th Cir. 2000); *see also Matosantos Commer. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 (10th Cir. 2001) (a party cannot "relitigate the same issue previously decided in [a prior case] under the guise of new claims for relief"); *N.M. ex rel. King v. Capital One Bank U. S. N.A.*, 980 F. Supp. 2d 1346, 1354 (D.N.M. 2013) ("It is well settled that parties cannot avoid the preclusive effects of res judicata by dressing up claims already litigated in new legal theories."). This rule is dispositive here, especially because courts have repeatedly held that: (a) securities fraud and common law fraud embody effectively

identical elements, including scienter/intent; and thus (b) the dismissal of one type of fraud claim will preclude a plaintiff from reasserting a differently labeled fraud claim in a second lawsuit that arises from the same facts. (Mot. at 16-17 and n. 10 (collecting cases)).

**Second**, Plaintiff argues that the prior dismissal of his securities fraud cause of action was "not based on the merits" but rather "based on the details of pleading" the claim. (Opp. at 13). The distinction Plaintiff attempts to draw is a false one because a Rule 12(b)(6) dismissal with prejudice is "on the merits" for the purpose of res judicata. *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 (10th Cir. 2014); *Slocum v. Corporate Express US Inc.*, 446 Fed. App'x 957, 960 (10th Cir. 2011); *State v. Sommerville*, 297 P.3d 665, 675 (Utah Ct. App. 2013).

**Third**, Plaintiff contends that res judicata is inapplicable because of HFN corporate ratification documents attached to his Opposition. (Opp. at 13, citing Ex. 2). Even if the Court could properly consider this new "evidence" at the pleading stage, it is unavailing. The documents cited by Plaintiff refer to the issuance of certain shares of common stock to Defendant Pavan Vaish in July 2022 and October 2023, which is irrelevant to Plaintiff's accusation that Shiralagi, and all other Defendants, fraudulently misrepresented the purpose of HFN's ESOP during Settlement talks many years earlier in 2015. Furthermore, even if "new evidence might change the outcome of [a] case" – **which is clearly not the situation here** – this "does not affect the application of" res judicata. *Saylor v. U.S.*, 315 F.3d 664, 668 (6th Cir. 2003); *see also Torres v. Shalala*, 48 F.3d 887, 894 (5th Cir. 1995) ("If simply submitting new evidence rendered a prior decision factually distinct, res judicata would cease to exist"); *Int'l Union of Operating Eng'rs-Employers Constr. Indus. Pension, etc. v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) ("The fact that some different evidence may be presented in this action . . . does not defeat the bar of res judicata.").

**Fourth**, Plaintiff badly asserts that the N.D. Cal.'s ruling was "irregular and prejudicial," and to that end, he accuses Shiralagi of submitting a Declaration in the California Action that "contained numerous falsehoods." (Opp. at 6, 16). Plaintiff does not, nor can he, provide any

backup for this baseless contention. Moreover, if Plaintiff had an issue with the N.D. Cal.'s decision, his avenue for challenging that ruling was an appeal before the Ninth Circuit, not a collateral attack in this Court. By his own admission, Plaintiff "voluntarily and explicitly dismissed" his appeal before the Ninth Circuit, and he cannot use the current action as a substitute for a proper appeal. (Opp. at 6).

      **B.**      <u>**The Settlement and SPA Also Bar This Claim**</u>

Plaintiff argues his fraud claim is not covered by the Settlement and SPA because HFN did not begin to use its ESOP improperly until several years after those documents were executed in 2015. (Opp. at 12). Plaintiff neglects to acknowledge that he has pled a <u>**misrepresentation**</u> claim, and the <u>**only**</u> alleged misrepresentation occurred <u>**in 2015**</u> during Settlement talks with HFN. (FAC ¶¶ 39-50, 392-446). Indeed, the FAC expressly alleges that: (1) the ESOP "was a significant component of the 2015 settlement negotiations"; (2) Plaintiff was "very concerned" during negotiations about the ESOP being used in the future "as a mechanism for self-dealing" rather than "to attract talent" to HFN; (3) a "compromise was reached" regarding the treatment of the ESOP for the purpose of the Settlement; and (4) all Defendants "made a false statement" during Settlement talks "by falsely representing that the pool of 2,616,500 shares allocated but not issued in 2015 was an ESOP that would be used to attract talent to HFN . . . ." (*Id.* ¶¶ 39-40, 393, 402, 411, 420, 429, 438). The plain language of the releases in the Settlement and SPA clearly encompass, resolve, and bar any claim that Defendants fraudulently misrepresented the purpose of the ESOP before the settlement documents were executed, particularly where: (i) the Settlement and SPA were the product of adversarial negotiations in the context of pending litigation in which Plaintiff was represented by counsel; (ii) those documents omit any reference to, much less limitations on, the use of the ESOP; (iii) the Settlement and SPA also contain broad no-other-representation, no-reliance, and integration-clause provisions; and (iv) federal courts have repeatedly found that comparable releases bar claims arising from the settlement negotiation

process. (Mot. at 17-20). The result should be the same here.

### C. Plaintiff Has Not Pleaded Sufficient Facts to Show Fraud

The N.D. Cal. previously ruled that in addition to "probably" being barred by the Settlement and SPA, Plaintiff's ESOP-related allegations did not "come close to supporting an inference of scienter" to commit fraud. (RJN, Ex. 7 at p. 1-2). Nothing has changed. Plaintiff once again alleges that years after the parties' 2015 Settlement, HFN used the ESOP to issue stock options to certain insiders. (FAC ¶¶ 39-50, 392-446). While Plaintiff may believe that HFN ultimately used the ESOP improperly, that is not sufficient to plead a valid fraud claim because, *inter alia*, it does not establish that Defendants actually intended to, or did, misrepresent the ESOP years earlier. Without more, an alleged broken promise does not suffice to state the elements of a fraud claim. (Mot. at 20-21).

These defects are especially glaring with respect to Shiralagi, because the FAC is devoid of any well-pleaded allegations that Shiralagi even participated in the 2015 Settlement discussions, let alone that he intentionally made any fraudulent misrepresentation to Plaintiff during those negotiations. **To the contrary, the FAC only asserts <u>the same</u> boilerplate accusations of fraud against Shiralagi and all other individual Defendants**, in confirmation that Plaintiff's misrepresentation claim is not plausible on its face, nor does it satisfy the heightened pleading requirements of Rule 9(b). (Mot. at 20-21).

Apparently recognizing that his fraud claim lacks any specifics about Shiralagi, Plaintiff now argues that it is somehow "unreasonable to postulate that [Shiralagi] would have not been involved in the negotiation involving the ESOP" in 2015 because he joined the HFN Board three years earlier in 2012. (Opp. at 14). However, Plaintiff cannot survive the pleading stage based on his unsubstantiated "postulation" about Shiralagi's supposed behind-the-scenes role in Plaintiff's Settlement discussions with HFN in 2015. Once again, Plaintiff seeks to hold Shiralagi liable based on nothing more than his mere status as a former HFN Board member, in clear violation of

the law. *See Crisafi v. Holland*, 655 F.2d 1305, 1307-1308 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints [that] . . . postulat[e] events and circumstances of a wholly fanciful kind.").

### D. Plaintiff's Fraud Claim is Untimely

Plaintiff argues that his fraud claim is not barred by the three-year statute of limitations because he speculates that, if he had requested HFN's capitalization table in 2019 or earlier, the company would have "stonewalled" or otherwise refused to comply. (Opp. at 13-14). Yet, Plaintiff never tried at all – there are no facts in the FAC indicating that Plaintiff asked for HFN's capitalization table in 2019 or earlier, let alone that he invoked and tried to avail himself of his ability to procure such records under 8 Del. C. § 220. Because Plaintiff could have obtained the HFN capitalization table in 2019 and discovered the purported misuse of the ESOP at that time – and because Plaintiff made no effort to do so, despite his professed and long-standing concerns about the use of the ESOP – his claim is untimely under well-established Utah and Delaware law and must be dismissed. (Mot. at 21-22).[5]

Dated: February 23, 2024          TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ Nathan R. Marigoni
　　Anthony C. Kaye (Utah SBN 8611)
　　Nathan R. Marigoni (Utah SBN 14885)
　　Matthew H. Ladner (*pro hac vice*)
　　William M. Taylor (*pro hac vice*)
　　Attorneys for Defendant KUMAR SHIRALAGI

---

[5] Plaintiff takes issue with HFN's citation to *Colosimo v. Roman Catholic Bishop*, 156 P.3d 806 (Utah 2007) for the general rule that a claim accrues when a plaintiff could have discovered the relevant facts through reasonable diligence and inquiry. According to Plaintiff, this case is inapposite because it involved egregious facts of sexual abuse of children. In that case, even with extreme facts, the Utah Supreme Court held that the victims' claims were time-barred because the pertinent facts were known or available to them earlier, and the egregious circumstances did not justify an exception to the statute of limitations. It is remarkable (and wrong) that Plaintiff here argues the statute of limitations should not apply to his shareholder-based claims given the Utah Supreme Court found that the statute of limitations applies to victims of childhood sexual abuse.