Anthony C. Kaye (Utah SBN 8611)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6128
Email: Tony.Kaye@troutman.com

Nathan R. Marigoni (Utah SBN 14885)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
Telephone: (470) 832-5575
Email: Nathan.Marigoni@troutman.com

Matthew H. Ladner (*pro hac vice*)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
350 S. Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: (213) 928-9816
E-mail: Matthew.Ladner@troutman.com

William M. Taylor (*pro hac vice*)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
125 High St., 19th Floor
Boston, MA 02110
Telephone: (617) 204-5186
Email: William.Taylor@troutman.com

*Specially Appearing Attorneys for Defendants
Kalaari Capital Advisors Private Limited,
Sridhar Santhanam, Pavan Vaish, and Vani Kola*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALLAN MILLER,<br><br>                        Plaintiff,<br>vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.; KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company; SRIDHAR SANTHANAM; KUMAR SHIRALAGI; PAVAN VAISH; and VANI KOLA,<br><br>                        Defendants. | **DEFENDANTS KALAARI CAPITAL ADVISORS PRIVATE LIMITED, SRIDHAR SANTHANAM, PAVAN VAISH, AND VANI KOLA'S MOTION TO EXTEND TIME TO RESPOND TO FIRST AMENDED COMPLAINT UNTIL 21 DAYS AFTER COURT RULES ON PENDING MOTIONS TO DISMISS**<br><br>Case No. 2:23-cv-00733-CMR<br><br>Magistrate Judge Cecilia M. Romero |

## I.   INTRODUCTION

Defendants Kalaari Capital Advisors Private Limited, Sridhar Santhanam, Pavan Vaish, and Vani Kola (together, the "International Defendants") are non-residents located in India whom Plaintiff Allan Miller ("Plaintiff") is attempting to serve via the mandatory procedures of the Hague Service Convention (the "Hague").  Recently, Plaintiff filed documents with this Court indicating he has taken steps to initiate service in India;  however, Plaintiff has not filed any Proofs of Service for the International Defendants, nor any other document indicating that service has been effectuated.

The International Defendants are aware that there have been several service attempts this month in India.  Assuming, for the sake of argument, that any service attempt was effective, then one or more of the International Defendants may have to respond to Plaintiff's operative First Amended Complaint ("FAC") between March 22 and 26, 2024.  Therefore, in an abundance of caution – and in express reservation of all rights, positions, and defenses they have, including with respect to the propriety of service – the International Defendants respectfully ask the Court for an Order moving their deadlines to respond to the FAC to 21 days after the Court rules on the pending Motions to Dismiss (the "Dismissal Motions") filed by Defendants HFN, Inc. ("HFN") and Kumar Shiralagi ("Shiralagi").  The International Defendants seek this relief pursuant Federal Rule of Civil Procedure 6(b)(1)(A) and District of Utah Local Civil Rule 7-1(a)(2).

Good cause exists for granting this Motion.  The FAC asserts virtually identical claims for breach of fiduciary duty, conversion, and fraud against <u>all</u> of the named Defendants, and thus, there is substantial overlap between the arguments in the pending Dismissal Motions and the arguments the International Defendants would raise in their own responses to the FAC.  As such, the Court's ruling on the legal defenses raised in HFN's and Shiralagi's Dismissal Motions may dispose of Plaintiff's claims entirely as to <u>all</u> Defendants, including the International Defendants. For example, if the Court finds that Plaintiff's fiduciary duty and conversion claims are derivative

in nature, then Plaintiff cannot pursue them against any Defendant by virtue of his status as an unrepresented pro se litigant. Similarly, if the Court concludes that Plaintiff's fraud claim is barred by the doctrine of res judicata, is barred by his prior settlement with HFN, or is untimely, that claim will fail across the board.

Under these circumstances, judicial economy and the interests of justice are served by deferring the International Defendants' time to respond until after the Dismissal Motions are adjudicated. This will avoid voluminous and duplicative briefing of dispositive issues which: (a) are already fully briefed and pending before the Court for resolution; and (b) may preclude Plaintiff from pursuing this action altogether.[1]

Prior to filing this Motion, counsel for the International Defendants asked Plaintiff to stipulate to the requested extension of time. After allegedly considering the matter for several days, Plaintiff refused the proposal without explanation. This Motion follows.[2]

## II. RELEVANT BACKGROUND

Plaintiff filed his operative FAC on October 31, 2023. (Dkt. No. 13). HFN and Shiralagi filed their Dismissal Motions on December 8, 2023. (Dkt. Nos. 15-16). The Dismissal Motions were fully briefed as of February 23, 2024. (Dkt. Nos. 26-27, 30-31).

Between February 28 and March 4, 2024, Plaintiff filed documents with the Court indicating that he had taken steps to initiate service on the International Defendants in India via the Hague procedures. (Dkt. Nos. 33-36). However, Plaintiff has not filed any Proofs of Service

---

[1] Indeed, that is precisely what occurred in Plaintiff's prior action against HFN, Shiralagi, and the International Defendants in California federal court. That case resulted in the District Court (i) granting HFN's and Shiralagi's motions to dismiss, and also (ii) sua sponte dismissing the action as to <u>all</u> unserved defendants given the glaring and clearly uncurable defects appearing on the face of Plaintiff's complaint.

[2] Plaintiff's unexplained rejection is not well-taken, especially where HFN and Shiralagi previously granted his request for a stipulated extension of his deadline to oppose the Dismissal Motions. (Dkt. No. 20 at ¶¶ 5-6).

for the International Defendants, nor any other document indicating that service has been effectuated in India. Nonetheless, the International Defendants are aware of recent service attempts in India, which, if effective, may require some of them to respond to the FAC between March 22 and 26, 2024.

On March 12, 2024, counsel for the International Defendants proposed to Plaintiff via email that the International Defendants would not contest the propriety of service in India in exchange for an extension of time to respond to the FAC until 21 days after the Court rules on HFN's and Shiralagi's pending Dismissal Motions. After allegedly considering the matter for several days, Plaintiff rejected the proposal on March 18, 2024 without explanation.[3]

### III. GOOD CAUSE EXISTS FOR THE REQUESTED RELIEF

Under Federal Rule of Civil Procedure 6(b)(1)(A) and District of Utah Local Civil Rule 7-1(a)(2)(A), the Court may extend the time to perform an act for good cause. Here, there is good cause for the Court to move the International Defendants' deadline to respond to the FAC to 21 days after the Court rules on HFN's and Shiralagi's pending Dismissal Motions.

The FAC asserts virtually identical claims for breach of fiduciary duty, conversion, and fraud against all Defendants. Plaintiff alleges that all Defendants: (a) breached their fiduciary duties by mismanaging HFN and misusing or wasting the company's assets and resources for improper purposes; (b) converted or facilitated the conversion of corporate assets such as company cash; and (c) participated in a supposed fraud involving HFN's employee stock option plan. In support of his claims, Plaintiff repeats the same boilerplate allegations as to Shiralagi and the International Defendants, all of which supposedly perpetrated or contributed to Plaintiff's injuries in their capacities as current or former officers, directors, or shareholders of HFN.

---

[3] A true and correct copy of the referenced correspondence with Plaintiff is attached to this Motion as Exhibit 1.

In their Dismissal Motions, HFN and Shiralagi raise various legal defense that, if established, will not only require the dismissal of the FAC as to each of them, but also preclude Plaintiff from maintaining his claims against any other Defendant, period. For example:

1. Plaintiff's fiduciary duty and conversion counts are disguised derivative claims that he cannot legally bring because of his status as an unrepresented pro se litigant.
2. Plaintiff's conversion claims improperly seek the recovery of corporate assets owned by HFN – i.e., property in which Plaintiff does not have any personal possessory or ownership interest, as required for a conversion cause of action.
3. Plaintiff's fraud claim is barred by the doctrine of res judicata, is barred by Plaintiff's prior settlement with HFN, and is untimely.

(*See* Dkt. Nos. 15-16, 30-31).

Under these circumstances, there is substantial overlap between the arguments and legal defenses in the Dismissal Motions and those which the International Defendants would raise in any response to the FAC. Accordingly, it would be inefficient and a misuse of judicial and party resources to require the International Defendants to address these same issues now, before the Court rules on the fully briefed Dismissal Motions of HFN and Shiralagi. That is especially true where the International Defendants would also be forced to present all additional defenses they may have to the FAC, even though these defenses may be superfluous if the Court finds that the FAC suffers from the above-listed legal defects which are fatal to Plaintiff's ability to maintain his claims against all Defendants.

Therefore, consistent with its authority under the Federal Rules of Civil Procedure and District of Utah Local Civil Rules, the Court should extend the International Defendants' time to respond to the FAC until 21 days after the Court rules on the pending Dismissal Motions. After that ruling, all parties will know which claims, if any, are viable – and, to the extent needed, the

International Defendants will be in a better position to present this Court with briefing that is tailored to the procedural posture of the case and the relevant/remaining legal issues.

By contrast, if the International Defendants are forced to protect their interests now by engaging in substantive motion practice, they will have no choice but to provide the Court with voluminous and duplicative briefing on (i) issues that have already been fully briefed, and (ii) other issues that may not need to be briefed at all if the Court grants the pending Dismissal Motions. Because this would be contrary to both judicial economy and the interests of justice, good cause exists for granting the relief requested in this Motion. *See, e.g., Rachel v. Troutt,* 820 F.3d 390, 394 (10th Cir. 2016) ("In district court, the governing rule allows an extension of time 'for good cause.' This rule should be liberally construed to advance the goal of trying each case on the merits . . . . A leading treatise similarly suggests that district courts should normally grant extension requests, made before the deadline, in the absence of bad faith by the requesting party or prejudice to another party." (cleaned up)).

## IV. CONCLUSION

For the foregoing reasons, the Court should grant this Motion and move the International Defendants' deadline to respond to Plaintiff's FAC until 21 days after the Court enters its Order(s) ruling on the pending Dismissal Motions of HFN and Shiralagi.

Dated:  March 19, 2024        TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ Nathan R. Marigoni
Anthony C. Kaye (Utah SBN 8611)
Nathan R. Marigoni (Utah SBN 14885)
Matthew H. Ladner (*pro hac vice*)
William M. Taylor (*pro hac vice*)
*Specially Appearing Attorneys for Defendants Kalaari Capital Advisors Private Limited, Sridhar Santhanam, Pavan Vaish, and Vani Kola*