Nathan R. Marigoni (Utah SBN 14885)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
Telephone: (470) 832-5575
Email: Nathan.Marigoni@troutman.com

Matthew H. Ladner (*pro hac vice*)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
350 S. Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: (213) 928-9816
E-mail: Matthew.Ladner@troutman.com

William M. Taylor (*pro hac vice*)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
125 High St., 19th Floor
Boston, MA 02110
Telephone: (617) 204-5186
Email: William.Taylor@troutman.com

*Specially Appearing Attorneys for Defendants
Kalaari Capital Advisors Private Limited,
Sridhar Santhanam, Pavan Vaish, and Vani Kola*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ALLAN MILLER,<br><br>                    Plaintiff,<br>   vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.; KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company; SRIDHAR SANTHANAM; KUMAR SHIRALAGI; PAVAN VAISH; and VANI KOLA,<br><br>                    Defendants. | **DEFENDANTS KALAARI CAPITAL ADVISORS PRIVATE LIMITED, SRIDHAR SANTHANAM, PAVAN VAISH, AND VANI KOLA'S REPLY IN SUPPORT OF MOTION TO EXTEND TIME TO RESPOND TO FIRST AMENDED COMPLAINT UNTIL 21 DAYS AFTER COURT RULES ON PENDING MOTIONS TO DISMISS**<br><br>Case No. 2:23-cv-00733-CMR<br><br>Magistrate Judge Cecilia M. Romero |

# REPLY[1]

The International Defendants filed a straightforward Motion to extend their time to respond to Plaintiff's FAC, to the extent Plaintiff had effected service on any of them in India using the mandatory Hague procedures. The International Defendants asked the Court to extend their deadline to 21 days after the Court rules on HFN's and Mr. Shiralagi's pending Motions to Dismiss, in order to avoid duplicative and unnecessary briefing on issues which (i) have already been presented to the Court, or which (ii) may be mooted by the Court's ruling on the Motions to Dismiss. Prior to filing their Motion, counsel for the International Defendants asked Plaintiff to stipulate to this relief. (Mot., Ex. 1). He refused, and Plaintiff has now seized the Motion as an opportunity to advance a series of irrelevant points that, among other things, try to re-argue the very issues that are pending before the Court on HFN's and Mr. Shiralagi's Motions to Dismiss. (Opp. at 3, 5, 7-9). In the interest of brevity, the International Defendants leave those irrelevant matters to the side and simply note the following:

**First**, Plaintiff remarkably admits – for the first time – that none of the International Defendants have actually been served in India, and thus, there is no current deadline for any of them to respond to the FAC. (Opp. at 2-3). Plaintiff did not disclose this information when counsel proposed a stipulation to extend the International Defendants' response deadline; instead, Plaintiff "decided to decline this proposal" without explanation, (Mot., Ex. 1), thereby creating the admittedly false impression that: (a) service had been effected in India; and (b) the International Defendants would have to file a motion to move their response deadline. If Plaintiff had simply been forthcoming with the International Defendants' counsel, this situation could have been avoided.

---

[1] All terms used in this Reply have the same meaning as in the International Defendants' Motion.

**Second**, Plaintiff suggests the International Defendants have unreasonably refused to waive service under the Hague. (Opp. at 2-3). In reality, it is Plaintiff who has proved intransigent. On March 12, 2024, counsel expressly stated that the International Defendants "will not contest" service, in exchange for a stipulation extending their time to respond to the FAC to 21 days after the Court rules on the pending Motions to Dismiss. (Mot., Ex. 1). Plaintiff rejected this reasonable approach, which would have relieved Plaintiff from the Hague's service requirements and avoided burdensome motion practice and briefing before this Court. Counterintuitively, Plaintiff chose to stick with the "lengthy process" of service under the Hague, rather than give an inch to the International Defendants.

**Third**, in light of Plaintiff's admission that service has not yet been effected, there currently is no deadline for any of the International Defendants to respond to the FAC. Nonetheless, in the event the International Defendants are served before the Court rules on the pending Motions to Dismiss, then – for the reasons set forth in the instant Motion – the Court should exercise its authority to extend their deadline to respond until 21 days after the Court rules on the Motions to Dismiss. Fed. R. Civ. P. 6(b)(1)(A); D. Utah L. Civ. R. 7-1(a)(2)(A); *Rachel v. Troutt,* 820 F.3d 390, 394 (10th Cir. 2016).

Dated: April 18, 2024  TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ Nathan R. Marigoni
Nathan R. Marigoni (Utah SBN 14885)
Matthew H. Ladner (*pro hac vice*)
William M. Taylor (*pro hac vice*)
*Specially Appearing Attorneys for Defendants Kalaari Capital Advisors Private Limited, Sridhar Santhanam, Pavan Vaish, and Vani Kola*