FILED
2024 APR 22 PM 2:31
CLERK
U.S. DISTRICT COURT

Allan Miller
3385 Claudia Drive
Concord, CA  94519
650-468-7387
allan.miller@alumni.stanford.edu
Pro Se Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| ALLAN MILLER<br><br>Plaintiff,<br><br>vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.,<br>KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company,<br>SRIDHAR SANTHANAM,<br>KUMAR SHIRALAGI, PAVAN VAISH, and VANI KOLA<br><br>Defendants. | Case Number: 2:23-cv-00733-CMR<br><br>**EVIDENTIARY OBJECTION TO DEFENDANTS KALAARI CAPITAL ADVISORS PRIVATE LIMITED, SRIDHAR SANTHANAM, PAVAN VAISH, AND VANI KOLA'S REPLY IN SUPPORT OF MOTION TO EXTEND TIME** |

## SUMMARY

This Evidentiary Objection is filed pursuant to DUCivR 7-1(b)(3). The Defendants Kalaari Capital Advisors Private Limited ("Kalaari"), Sridhar Santhanam ("Santhanam"), Pavan Vaish ("Vaish"), and Vani Kola ("Kola") (collectively, the "Unserved Defendants") have filed a reply in support of their Motion to Extend Time ("Motion") before this Court that introduces new evidence that is false, and is mainly motivated by an attempt to cast aspersions on the Plaintiff Allan Miller ("Plaintiff").

The Unserved Defendants state that the Plaintiff "did not disclose" the fact that the International Defendants have not been served in India, and "created a false impression" that service had been effected in India, when the counsel for the Unserved Defendants ("Counsel") proposed a stipulation to extend the response deadline. This is false. Since the Court is serving the Unserved Defendants, not the Plaintiff, the Plaintiff discovers information on the service only through Court filings. Counsel knows this (or should know it), and presumably has additional information directly from the Unserved Defendants.

The Unserved Defendants go on to state that the Plaintiff "rejected [the] reasonable approach" that the Unserved Defendants "will not contest service". This is false. Dkt. 45 of this case makes it clear that the process server met with Vaish on March 1, 2024 and personally served the summons, but Vaish **refused to receive the summons**, more than **two weeks** before Counsel talked with the Plaintiff. The "reasonable offer" from Counsel was a course of action that was no longer available.

Date: ____April 22, 2024_____     By: ____/s/ Allan A. Miller_____
                                            Allan Miller
                                            Plaintiff (Pro se)

<u>Certificate of Service</u>

I certify that Plaintiff Allan Miller:

1. has registered for Email Filing and Electronic Notification pursuant to DUCivR 5-1(b)(1)(A);

2. has verified that the above document meets the requirements outlined in DUCivR 5-1(b)(1)(A);

3. has filed this document electronically through email to utdecf_clerk@utd.uscourts.gov; and

4. has served all non-ECF parties by an acceptable means pursuant to DUCivR 5-1(b)(1)(A)(ii)(g).

Accordingly, the document will be served upon all ECF parties through the Court's ECF system.


Date: _____April 22, 2024_____   Signature: _____/s/ Allan A. Miller_____

                                                                              Printed name: _____Allan A. Miller_____