FILED
2024 MAY 21 AM 11:13
CLERK
U.S. DISTRICT COURT

Allan Miller
3385 Claudia Drive
Concord, CA  94519
650-468-7387
allan.miller@alumni.stanford.edu
Pro Se Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| ALLAN MILLER<br><br>    Plaintiff,<br><br>  vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.,<br>KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company,<br>SRIDHAR SANTHANAM,<br>KUMAR SHIRALAGI, PAVAN VAISH, and VANI KOLA<br><br>    Defendants. | Case Number: 2:23-cv-00733-CMR<br><br>**PLAINTIFF'S MOTION FOR IN-PERSON ORAL ARGUMENT ON DEFENDANTS' MOTIONS TO DISMISS** |

## SUMMARY

There are several motions before the Court in this case. Pursuant to DUCivR 7-1(g), the Plaintiff moves for in-person oral argument on these motions, at least for the Motion to Dismiss for defendant HFN, Inc. and the Motion to Dismiss for defendant Kumar Shiralagi.

There is good cause for oral argument. The fact pattern of the case is complex, involving many different misdeeds in several domestic and foreign jurisdictions, and the written memoranda have not fully addressed the numerous facts involved. It seems likely that the Court will have questions and desire clarification on many of these issues that will be most easily resolved in an interactive forum. To cite one example, the patent-related counts, which are clearly the dominion of Federal law and may require fact-based discovery such as claim construction, have had no more than a few sentences of attention in the memoranda outside of the complaint. In another example, the use of HFN as a shell to hide the defendants' activities has also received minimal discussion, where the defendants indicated that they were unable to find relevant case law.[1]

Oral argument would also improve the efficiency of the Court in addressing any questions or clarifications in all outstanding motions at the same time with all parties present.

There is also good cause for an in-person hearing. The *pro se* plaintiff does not have access to a full-time IT staff nor a dedicated commercial network connection, as the defendants' counsel presumably does. The plaintiff does not wish to waste the Court's time with technical issues, audio dropouts, and blurred video that could arise in a video conference. These issues would also put the plaintiff at a disadvantage in such a hearing.

## CONCLUSION

Therefore, with good cause and pursuant to DUCivR 7-1(g), the plaintiff requests in-person oral argument on at least the two outstanding Motions to Dismiss, and at the Court's discretion, any other matters before the Court, to be scheduled at the Court's convenience.

---

[1] The plaintiff later cited a tenth district case with a nearly identical fact pattern.

Date:  May 21, 2024                By:   /s/ Allan A. Miller
                                                                                         Allan Miller
                                                                                         Plaintiff (Pro se)