Nathan R. Marigoni (Utah SBN 14885)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
Telephone: (470) 832-5575
Email: Nathan.Marigoni@troutman.com

Matthew H. Ladner (*pro hac vice*)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
350 S. Grand Ave., Suite 3400
Los Angeles, CA 90071
Telephone: (213) 928-9816
E-mail: Matthew.Ladner@troutman.com

William M. Taylor (*pro hac vice*)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
125 High St., 19th Floor
Boston, MA 02110
Telephone: (617) 204-5186
Email: William.Taylor@troutman.com

*Attorneys for Defendants*
*HFN, Inc. and Kumar Shiralagi*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ALLAN MILLER,<br><br>       Plaintiff,<br><br> vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.; KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company; SRIDHAR SANTHANAM; KUMAR SHIRALAGI; PAVAN VAISH; and VANI KOLA,<br><br>       Defendants. | **DEFENDANTS HFN INC. AND KUMAR SHIRALAGI'S OPPOSITION TO PLAINTIFF'S MOTION FOR IN-PERSON ORAL ARGUMENT ON DEFENDANTS' MOTIONS TO DISMISS**<br><br>Case No. 2:23-cv-00733-CMR<br><br>Magistrate Judge Cecilia M. Romero |

   Defendants HFN, Inc. and Kumar Shiralagi ("Defendants") hereby oppose Plaintiff's Motion for In-Person Oral Argument on Defendants' Motions to Dismiss (the "Oral Argument Motion"). There is no good cause for consuming the Court's and Defendants' time and resources

with unnecessary in-person oral argument regarding the legal issues raised by Defendants' pending Motions to Dismiss (the "MTDs"). Furthermore, if the Court believes that oral argument would assist the Court in addressing the MTDs, then Defendants respectfully request that the Court conduct oral argument by remote videoconference (e.g., by Zoom or another comparable platform).

## ARGUMENT

Plaintiff's Oral Argument Motion is just the latest example of his serial litigation tactics designed to increase the costs and burdens of defending this meritless lawsuit, and to consume the Court's and Defendants' time with unnecessary filings and proceedings. The Court should deny Plaintiff's Oral Argument Motion entirely and rule on the MTDs on the papers alone.

A party requesting oral argument must show good cause justifying the request. DUCivR 7-1(g). Thus, a litigant is not entitled to oral argument – much less in-person oral argument – and to that end, courts in this District regularly decide motions, including motions to dismiss, on the briefs alone. *See, e.g., Hope Int'l Hospice, Inc. v. Net Health Sys., Inc.*, No. 2:22-CV-00656-DBB-DBP, 2023 WL 2433642, at *1 (D. Utah Mar. 9, 2023) (granting 12(b)(6) motion without oral argument); *Wilson Elecs., LLC v. Cellphone-Mate, Inc.*, No. 4:18-CV-78-DB, 2019 WL 1755428, at *1 (D. Utah Apr. 19, 2019) (granting 12(b)(6) motion in part without oral argument).

Plaintiff baldly asserts that good cause exists for oral argument because the "fact pattern of the case is complex[,]" and he further speculates and presumes that "the Court will have questions and desire clarification on many of these issues," including because certain issues supposedly received short shrift in the parties' briefing. In addition, Plaintiff contends that, because of his pro

se status, he lacks "access to a full-time IT staff nor a dedicated commercial network connection[,]" which supposedly makes "technical issues" more likely in the event of a remote hearing.

All of these professed justifications ring hollow.

**First**, the MTDs raise purely legal issues concerning the sufficiency of the First Amended Complaint ("FAC"), including: (i) whether a stockholder can assert fiduciary duty claims directly against a corporation; (ii) whether a stockholder can allege conversion based on the purported misuse of corporate assets; (iii) whether Plaintiff's claims are substantively derivative and therefore incapable of being maintained by a pro se litigant; (iv) whether Plaintiff's fraud claim is barred by res judicata, the parties' prior settlement agreement, and the statute of limitations; and (v) whether Plaintiff has alleged sufficient facts to support any claim. (ECF Nos. 15-16). The Court is more than capable of addressing these legal issues based on the parties' extensive briefing, and it should not countenance Plaintiff's obvious intention to use oral argument as an opportunity to expound on the alleged "facts" of this case, including "facts" outside of the four corners of the FAC.

**Second**, Plaintiff had every opportunity to brief the issues deemed important in his Oppositions to the MTDs  Indeed, Plaintiff has now briefed these issues on multiple occasions by virtue of his prior California action.

Like every litigant, Plaintiff must work within the page limits prescribed by the rules of this Court. Oral argument is not an opportunity for a do-over, nor is it a vehicle for making new arguments for the first time that were not included in Plaintiff's Oppositions. Once again, Plaintiff effectively admits his intention to misuse oral argument, and the Court should not allow him to do so. *See Bishop v. United States; Internal Revenue Serv.*, No. 2:22-CV-00340-DBB-DBP, 2023

WL 2164269, at *2 (D. Utah Feb. 22, 2023) (explaining that "oral argument is permissive," not mandatory, and rejecting argument that oral argument was needed to address arguments not addressed in briefing).

**Third**, Plaintiff's assertions about his alleged IT limitations are unconvincing. To the extent the Court is inclined to hold oral argument at all, it should only do so via Zoom. Plaintiff does not need a "full-time IT staff" or "dedicated commercial network connection" to participate – instead, he just needs an Internet connection. It strains belief that Plaintiff is willing and able to arrange for travel from California to Utah to attend in-person oral argument, but he is somehow unable to participate in a Zoom hearing remotely. Tellingly, Plaintiff does not claim, and has not provided any indication, that he lacks Internet access – nor could he credibly make such a claim, having repeatedly communicated with Defendants' counsel through his personal email account.

In sum, Plaintiff has not offered any good cause for oral argument, let alone an in-person hearing in Utah. To the contrary, he has tipped his hand and revealed that he intends to use oral argument to raise facts and arguments that (i) go beyond his FAC and Opposition papers, and that (ii) are manifestly irrelevant to the legal issues raised by the MTDs.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Oral Argument Motion entirely. To the extent that the Court believes oral argument is appropriate, however, any such hearing should be held remotely via Zoom or other comparable videoconferencing platform.[1]

Dated: May 28, 2024                    TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ Nathan R. Marigoni
    Nathan R. Marigoni (Utah SBN 14885)
    Matthew H. Ladner (*pro hac vice*)
    William M. Taylor (*pro hac vice*)
    *Attorneys for Defendants*
    *HFN, Inc. and Kumar Shiralagi*

---

[1] There similarly is no reason for oral argument on any of the other motions now pending before the Court.