FILED
2024 JUN 10
CLERK
U.S. DISTRICT COURT

Allan Miller
3385 Claudia Drive
Concord, CA  94519
650-468-7387
allan.miller@alumni.stanford.edu
Pro Se Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ALLAN MILLER<br><br>    Plaintiff,<br><br>    vs.<br><br>HFN, INC., a Delaware Corporation, d/b/a as NANOHEAL BY HFN INC.,<br>KALAARI CAPITAL ADVISORS PRIVATE LIMITED, an Indian Company,<br>SRIDHAR SANTHANAM,<br>KUMAR SHIRALAGI, PAVAN VAISH, and VANI KOLA<br><br>    Defendants. | Case Number: 2:23-cv-00733-CMR<br><br>**REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR IN-PERSON ORAL ARGUMENT ON DEFENDANTS' MOTIONS TO DISMISS** |

**SUMMARY**

The Defendants continue their pattern of *ad hominem* arguments against the Plaintiff, claiming that he is using "serial litigation tactics designed to increase the costs and burdens of defending this meritless lawsuit," making arguments that "ring hollow" "because of his *pro se* status," and saying that he intends to seek a "do-over" and "use oral argument as an opportunity to expound on the alleged 'facts' of the case" rather than simply answering any questions the Court may have. The Plaintiff will not respond in kind, but trusts that the Court recognizes the fallacy of these arguments.

**ORAL ARGUMENT IS APPROPRIATE AT THE COURT'S DISCRETION**

The Plaintiff understands that the Court can decide matters of law without the need for oral argument. However, the Defendants gloss over the fact that the "purely legal issues" in their Motion to Dismiss have significant issues of fact that the Court may want to address. The Plaintiff has previously discussed these issues of fact, but a short summary follows to address the Defendants' allegations.

The Defendants allege that the Plaintiff cannot assert fiduciary duty claims against a corporation, but the Defendants are using a sham corporation to shield their actions as individuals; the details of the sham are all fact based.

The Defendants allege that the Plaintiff cannot assert conversion claims based on corporate assets, but the Defendants are using a sham corporation to hide the fact that the assets are treated as personal property; the details of the sham are all fact based.

The Defendants allege that the Plaintiff's counts are all derivative against the corporation and cannot be asserted by a *pro se* plaintiff, but once again, the actions of the Defendants are taken as individuals hiding behind a sham corporation, a fact-based inquiry.

The Defendants allege that the Plaintiff has failed to provide enough factual evidence to support the counts, which is by definition a fact-based inquiry.

## IN-PERSON ORAL ARGUMENT IS APPROPRIATE

Anyone who has looked through the Complaint, or even scanned the bibliographic data of the patents at issue, will appreciate the irony of the Defendants' counsel lecturing the Plaintiff regarding IT issues involved in videoconferencing. According to the Defendants' counsel, the Plaintiff only needs a 2400-baud dial-up modem, since that would provide the "Internet access" needed to service a "personal email account."

The Plaintiff is acutely (and professionally) aware of the difference between residential Internet service and the commercial Internet service of a law firm, and does not wish to frustrate the Court with connection issues, audio gaps, video freezing, quality degradation, and a myriad of other technical issues that will likely arise thanks to Murphy's Law. The simplest solution to the mismatch in access is to have both parties present.

## CONCLUSION

If the Court feels that further information regarding the factual issues surrounding the case will advance the consideration of the Defendants' Motion to Dismiss, then it is appropriate to grant the Plaintiff's request for in-person oral argument, to be scheduled at the Court's convenience.

Date: ____June 10, 2024_____ By: _____/s/ Allan A. Miller_____
                                                                               Allan Miller
                                                                               Plaintiff (Pro se)

Certificate of Service

I certify that Plaintiff Allan Miller:

1. has registered for Email Filing and Electronic Notification pursuant to DUCivR 5-1(b)(1)(A);

2. has verified that the above document meets the requirements outlined in DUCivR 5-1(b)(1)(A);

3. has filed this document electronically through email to utdecf_clerk@utd.uscourts.gov; and

4. has served all non-ECF parties by an acceptable means pursuant to DUCivR 5-1(b)(1)(A)(ii)(g).

Accordingly, the document will be served upon all ECF parties through the Court's ECF system.


Date: _____June 10, 2024_____          Signature: _____/s/ Allan A. Miller_____

                                        Printed name: _____Allan A. Miller_____