IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALLAN MILLER,<br><br>                  Plaintiff,<br>v.<br><br>HFN, et al.,<br><br>                  Defendants. | MEMORANDUM DECISION AND ORDER RE: ECF 23, 37, 51, AND 56<br><br><br>Case No. 2:23-cv-00733-CMR<br><br>Magistrate Judge Cecilia M. Romero |

## I.    BACKGROUND

All parties in this case have consented to the undersigned conducting all proceedings, including entry of final judgment (ECF 41). 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Plaintiff Allan Miller (Plaintiff) initiated this fraud action on October 16, 2023 (ECF 1) and later filed his First Amended Complaint (ECF 13) on October 31, 2023. In response, on December 8, 2023, Defendant HFN, Inc. (Defendant HFN) filed a Motion to Dismiss (ECF 15) pursuant to Federal Rule of Civil Procedure 12(b)(6), and Defendant Kumar Shiralagi (Defendant Shiralagi) filed a similar Motion to Dismiss (ECF 16) (collectively, Motions to Dismiss).

Before the court are the following motions filed by Plaintiff: (1) Motion for Clerk of Court to Submit Hague Service Documents and to Extend Time for Hague Service (Motion for Hague Service) (ECF 23) relating to service of process on Defendants Kalaari Capital Advisors Private Limited (Defendant Kalaari), Sridhar Santhanam (Defendant Santhanam), Pavan Vaish (Defendant Vaish), and Vani Kola (Defendant Kola) (collectively, International Defendants); and (2) Motion for In-Person Oral Argument (Motion for Oral Argument) (ECF 51) regarding the Motions to Dismiss. Also before the court is International Defendants' Motion for Extension of Time (ECF 37) to respond to the First Amended Complaint pending resolution of the Motions to

Dismiss, as well as Defendant Kola's Further Motion for Extension of Time (ECF 56) requesting the same relief (collectively, Motions for Extension). Having carefully considered the relevant filings, the court GRANTS IN PART Plaintiff's Motion for Hague Service (ECF 23); DENIES Plaintiff's Motion for Oral Argument (ECF 51); and GRANTS the Motions for Extension (ECF 37, 56) filed by International Defendants and Defendant Kola. The court will address the Motions to Dismiss in a sperate order.

## II. DISCUSSION

### A. Plaintiff's Motion for Hague Service

Plaintiff asks the court to authorize the Clerk of Court "to work with" him to submit service documents for International Defendants under the Hague Convention (ECF 23 at 3). Plaintiff also asks the court for an extension of time for service on International Defendants (*id.*). No response was filed to this request, and the time for responding has expired. *See* DUCivR 7-1(a)(4)(D)(ii) ("A response to a motion must be filed within 14 days after service of the motion.").

Federal Rule of Civil Procedure 4(f)(1) allows service "by any internationally agreed means of service ... such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," hereinafter referred to as the Hague Convention. *See* Fed. R. Civ. P. 4(f)(1). "The primary innovation of the [Hague] Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). Once a central authority receives a foreign service request, "it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law." *Id.* at 699. After service is effected, the central authority provides "a certificate of service that conforms to a specified model." *Id.*

The status of service of process on International Defendants is unclear. On October 16, 2023, a Summons was issued by the Clerk's Office for each of the four International Defendants (ECF 3, 5–7). On January 17, 2024, a Certificate of Service/Request for Service Abroad was issued for each of the International Defendants (ECF 22; ECF 22-1; ECF 22-2; ECF 22-3). The corresponding docket text entry indicates that "[d]ocuments prepared by plaintiff and signed and sent via Fed Ex by Clerk's Office to address provided by plaintiff" (ECF 22). On February 23, 2024, a Notice from Government of India was filed on the docket for each of the International Defendants with instructions for effecting service in India (ECF 33–36). On April 18, 2024, a service report from the Government of India was filed indicating that Defendant Vaish was not properly served because Defendant Vaish refused service (ECF 45). On April 29, 2024, Plaintiff filed a Proof of Service on Defendant Kola at a United States address (ECF 50). No service-related documents have been filed regarding Defendant Kalaari or Defendant Santhanam.

Based on these docket entries, it appears that Plaintiff has made efforts at effecting service of process on the International Defendants with the assistance of the Clerk's Office, and it is not clear whether additional assistance is needed or what type of assistance Plaintiff is requesting. However, based on Plaintiff's ongoing efforts, and because Plaintiff's Motion is unopposed, the court finds there is good cause for an extension of time to effect service on International Defendants. Accordingly, the court will GRANT IN PART Plaintiff's Motion (ECF 23) as to the request for an extension of time for service and ORDERS that the time for service on International Defendants is extended until 30 days from the date of this Order.

### B. Plaintiff's Motion for Oral Argument

Plaintiff requests oral argument on the Motions to Dismiss pursuant to DUCivR 7-1(g), which requires a showing of "good cause." See DUCivR 7-1(g) ("[A] party may request oral

argument on a motion and must show good cause."). Plaintiff argues there is good cause for oral argument because "[t]he fact pattern of the case is complex," oral argument would improve efficiency in addressing questions with all parties present, and technical issues "could arise in a video conference" (ECF 51 at 2). Defendants HFN and Shiralagi respond that the Motions to Dismiss raise purely legal issues that can be addressed based on the parties' extensive briefing, Plaintiff already had the opportunity to raise issues in the briefing, and Plaintiff's internet connection is sufficient for a Zoom hearing (ECF 55 at 4). In his Reply, Plaintiff claims the Motions to Dismiss raise "significant issues of fact" and that his residential internet service may cause technical issues in a remote hearing (ECF 58 at 2-3).

Having considered the parties' respective arguments, the court does not find good cause for an in-person oral argument on the Motions to Dismiss. To the extent this case involves complex factual issues, it is not appropriate for the court to address these issues in resolving the Motions to Dismiss, but rather, would be more appropriately addressed through motions for summary judgment or at trial after the parties have had the opportunity to conduct fact discovery. Moreover, Plaintiff's concerns about potential technical issues relating to remote hearings are speculative and insufficient to support good cause. Given that the Motions to Dismiss raise legal issues that have been briefed extensively by the parties, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(g). The court therefore DENIES Plaintiff's Motion for Oral Argument (ECF 51).

  **C.**  **Motions for Extension of Time**

International Defendants seek an extension of time pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) to respond to Plaintiff's First Amended Complaint until 21 days after the court's ruling on the Motions to Dismiss (ECF 37 at 2). Federal Rule of Civil Procedure 6(b)

permits the court to extend a response deadline "for good cause." Fed. R. Civ. P. 6(b)(1). International Defendants argue there is good cause for an extension in the interests of justice and judicial economy because the First Amended Complaint asserts identical claims against all named defendants and there would be substantial overlap in the pending Motions to Dismiss and any such motions filed by International Defendants (*id.* at 4–6). International Defendants' Motion for Extension was filed in light of Plaintiff's service attempts and the need to preserve defenses (*id.* at 2). Defendant Kola's Further Motion for Extension asserts the same arguments regarding judicial economy and was also filed to preserve defenses in light of the Proof of Service filed for Defendant Kola (ECF 56 at 2–3).

Plaintiff filed Oppositions (ECF 44, 57) to both of the Motions for Extension. In the Opposition to International Defendants' Motion for Extension, Plaintiff argues an extension is unnecessary because there is currently no deadline to respond to the First Amended Complaint where International Defendants have not yet been served (ECF 44 at 4). In the Opposition to Defendant Kola's Motion, Plaintiff states that he "agrees to the extension of time, but respectfully requests that the Court extend to a date certain independent of the ruling on the [Motions to Dismiss]" because Defendant Kola has been served (ECF 57 at 2).[1] In Reply, Defendant Kola argues that a uniform approach for all remaining defendants would prevent confusion and reduce the burden on the court and the parties (ECF 59 at 2).

Given that Plaintiff agrees to an extension of time and in order to promote the efficient resolution of this case, the court finds there is good cause for an extension of time for International Defendants to respond to the First Amended Complaint. As explained above, it is unclear whether

---

[1] International Defendants filed a Reply (ECF 46), and Plaintiff filed an Objection (ECF 47) in which the parties detail their disagreements relating to their respective positions and proposals for stipulation regarding service on the International Defendants. While these proposed stipulations are not before the court, the court encourages the parties to meet and confer and to cooperate in the resolution of issues without the need for court intervention where possible.

service of process on International Defendants has been completed, and the issue of whether service of process on International Defendants was proper is not currently before the court. It would reduce the burden on the court and the parties to address issues relating to service of process after resolution of the pending Motions to Dismiss. The court also finds that a uniform response deadline for all International Defendants would further promote efficiency and avoid confusion. For these reasons, the court GRANTS the Motions for Extension (ECF 37, 56) and ORDERS that the deadline for International Defendants to respond to the First Amended Complaint is extended until 21 days after the court's ruling on the Motions to Dismiss.

### III.   CONCLUSION AND ORDER

In summary, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Hague Service (ECF 23) is GRANTED IN PART and the time for service on International Defendants is extended until 30 days from the date of this Order;

2. Plaintiff's Motion for Oral Argument (ECF 51) is DENIED;

3. International Defendants' Motion for Extension (ECF 37) is GRANTED; and

4. Defendant Kola's Motion for Extension (ECF 56) is GRANTED.

IT IS SO ORDERED.

DATED this 29 August 2024.

                                                  Magistrate Judge Cecilia M. Romero
                                                United States District Court for the District of Utah